# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR,<br><br>           Plaintiff,<br><br>   vs.<br><br>DR. REDDY, et al.,<br><br>           Defendants. | 1:17-cv-00569-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS, WITHOUT PREJUDICE<br><br>(ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Christopher Lipsey ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

Plaintiff's complaint, filed on April 24, 2017, is currently before the court for screening.

## I.     Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. Dismissal of Claims I-V and IX, Without Prejudice, for Improper Venue

Plaintiff's complaint sets forth nine numbered claims alleged against various defendants employed at various correctional facilities in California, concerning events at several different facilities. Thus, the threshold inquiry here is whether venue is proper in this division and district of the Eastern District of California for each of Plaintiff's potential causes of action.

The Court may raise an issue of defective venue sua sponte. See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986). The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The Local Rules for the Eastern District of California further provide, in pertinent part, that actions cognizable in this district and arising in Kings county shall be commenced in the Fresno division of this district, and those actions arising in Sacramento, San Joaquin, and Solano counties shall be commenced in the Sacramento division of this district. Local Rule 120(d).

Plaintiff's claims VI, VII and VIII involve allegations that officials employed at Corcoran State Prison used excessive force on Plaintiff while he was housed there. Thus, those claims arise in Kings county, and pursuant to the rules explained above, venue is proper in this division of the United States District Court of the Eastern District of California.

Plaintiff's claims I, II, and III involve allegations that officials employed at the California Medical Facility medicated Plaintiff without his permission. That facility is located within Solano county. Plaintiff's claims IV and V involve allegations that officials employed at Folsom State Prison violated Plaintiff's rights to access the courts. That facility is located within Sacramento county. Plaintiff's claim IX involves allegations that officials employed at California Health Care Facility used excessive force on Plaintiff. That facility is located within San Joaquin county. All of these claims arise in counties which the Local Rules require to be brought in the

2

Sacramento Division. None of these claims are related to each other, nor are these claims related to Plaintiff's claims arising in Kings county.[1]

Based on the foregoing, any complaints concerning Plaintiff's claims I-V and IX should have each been filed in the Sacramento Division of the United States District Court for the Eastern District of California. Thus, the Court turns to whether those claims should be severed or dismissed from this action.

A district court has "broad discretion ... to make a decision granting severance." Coleman v. Quaker Oats Co., 232 F.3d 1271, 1297 (9th Cir. 2000). However, it is an abuse of discretion for a district court to dismiss, rather than to sever, claims "without evaluating the prejudice to" the plaintiff, which includes any effects of statute of limitations. Rush v. Sport Chalet, Inc., 779 F.3d 973, 975 (9th Cir. 2015).

In this case, the Court does not find it proper to sever and transfer these claims to the Sacramento Division of the United States District Court for the Eastern District of California, because the claims are not related to each other, as they do not arise out of the same transaction or occurrence. Nor do they proceed against the same defendants. Since these claims all involve incidents that allegedly occurred sometime between April 2016 and December 2016, Plaintiff will not be prejudiced by a dismissal without prejudice, as none of his claims will be barred by the two-year statute of limitations if he chooses to refile them.[2] The limitations period has not passed for the claims alleged here.

Accordingly, the Court recommends that Plaintiff's claims I-V and IX be dismissed from this action, without prejudice, due to improper venue and for being improperly joined. A separate

---

[1] "Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing Fed. R. Civ. P. 18(a)).

[2] No statute of limitations is set out in 42 U.S.C § 1983. Instead, California's two year statute of limitations on personal injury claims applies. Cal. Code Civ. Proc. § 335.1; Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Canatella v. Van De Camp, 486 F.3d 1128, 1132 (9th Cir. 2007); Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004).

order will issue regarding the additional screening for Plaintiff's claims VI-VIII, for which venue is proper here.

### III. Conclusion and Recommendation

For the reasons explained above, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, it is HEREBY RECOMMENDED that Plaintiff's claims I-V and IX be dismissed from this action, without prejudice.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 6, 2017**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE