# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER LIPSEY, JR.,

    Plaintiff,

vs.

DR. REDDY, et al.,

    Defendants.

1:17-cv-00569-LJO-BAM (PC)

ORDER DENYING PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

(ECF No. 18)

Plaintiff Christopher Lipsey ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

Currently before the Court is Plaintiff's motion entitled, "Preliminary Injunction Request and/or Protective Order and Brief in Support," filed on June 29, 2017. (ECF No. 18.) In the motion, Plaintiff seeks an order compelling the production of information before discovery begins. Accordingly, the Court construes Plaintiff's motion as one seeking expedited discovery.

Generally, a party may not conduct discovery before being authorized by the Federal Rules of Civil Procedure, by court order, or by stipulation. See Fed. R. Civ. P. 26(d)(1). District courts in the Ninth Circuit have permitted expedited discovery upon a showing of "good cause." See, e.g., In re Countrywide Fin. Corp. Derivative Litig., 542 F. Supp. 2d 1160, 1179 (C.D. Cal.

2008) (citing <u>Semitool, Inc. v. Tokyo Electron Am., Inc</u>., 208 F.R.D. 273 (N.D. Cal. 2002)). "Good cause exists where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." <u>Id</u>. (internal quotation marks omitted).

In this case, Plaintiff seeks the date that he was being watched by a non-party, Psych Tech Marie Guzman, in late February or early March 2017, so that he may use it as proof of retaliation against him by that non-party. Plaintiff argues that expedited discovery is necessary here because Guzman may say it has been too long for her to remember the date, or the records related to this issue may be destroyed. Plaintiff states that he has made multiple requests for this information, and attaches a sample. Plaintiff does not state what response or responses he has received, if any.

The Court does not find good cause to grant expedited discovery here. The discovery that Plaintiff seeks is irrelevant to the claims in this case of excessive force for an incident on March 21, 2016. A party may only seek discovery of information that is relevant to a party's claim or defense in this action, subject to certain restrictions. <u>See</u> Fed. R. Civ. P. 26(b)(1). Also, Plaintiff's assertions that he may receive a response that the information he seeks cannot be recalled or may have been destroyed is unsupported and speculative.

Accordingly, Plaintiff's request for expedited discovery, filed June 29, 2017 (ECF No. 18), is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **July 5, 2017**          /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE