# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CHRISTOPHER LIPSEY, JR.,<br><br>        Plaintiff,<br><br>    vs.<br><br>DR. REDDY, et al.,<br><br>        Defendants. | 1:17-cv-00569-LJO-BAM (PC)<br><br>ORDER DENYING MOTION TO STRIKE, AS UNNECESSARY<br>(ECF Nos. 30, 31)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS, WITH ANY OBJECTIONS DUE WITHIN **FOURTEEN DAYS**<br>(ECF No. 29) |

Plaintiff Christopher Lipsey is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

## I.     Relevant Procedural Background and Current Status

On October 2, 2017, the Court screened Plaintiff's second amended complaint, filed on September 11, 2017 (ECF No. 27). The Court found that Plaintiff stated a cognizable claim for excessive force in violation of the Eighth Amendment against Defendants Hernandez, Celedon, and Mancilla, but failed to state any claim under the Bane Act or the Unruh Act. Plaintiff was permitted leave to file a third amended complaint within thirty days. (ECF No. 28.)

On October 5, 2017, Plaintiff filed a motion to strike his second amended complaint, and to instead file another amended complaint that he had provided, which named some additional

1

defendants. (ECF No. 30.) The motion was received and entered and the amended complaint was lodged by the Clerk of the Court, on October 11, 2017. (ECF No. 31.)

Before the Court could address Plaintiff's motion to strike and lodged amended complaint, on October 12, 2017, Plaintiff filed a third amended complaint. (ECF No. 29.)

A review of Plaintiff's filings and pleadings shows that he intends to proceed upon the third amended complaint filed on October 12, 2017. The third amended complaint is Plaintiff's most-recently filed pleading, and appears to have been sent after receipt of the Court's screening order. The additional allegations and defendants from Plaintiff's lodged amended complaint are included in the third amended complaint. However, the third amended complaint has omitted some claims, such as the Unruh Act claim, and added some additional allegations that show Plaintiff's attempts to comply with the Court's October 2, 2017 screening order. Therefore, in the interest of justice, the Court will disregard the lodged amended complaint and screen Plaintiff's third amended complaint, filed on October 8, 2017. Further, Plaintiff's motion to strike his second amended complaint will be denied as unnecessary, as the Court has already screened that pleading, and Plaintiff has now filed a superseding pleading.

Thus, the Court turns to screening Plaintiff's third amended complaint.

## II.    Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-

65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## III.    **Summary of Allegations**

Plaintiff is currently incarcerated at Corcoran State Prison ("Corcoran") in Corcoran, California, where the events at issue occurred. Plaintiff names the following defendants: (1) Correctional Officer Rene Hernandez; (2) Correctional Officer J. Mancilla; (3) Correctional Officer S. Caledon; (4) Sergeant E. Magallanes; (5) Officer R. Adame; (6) Lieutenant J. Gonzales; (7) Acting Warden P. Vera; (8) Warden D. Davey; (9) S. Kernan, Secretary of the California Department of Corrections and Rehabilitation ("CDCR"); (9) Captain John Doe; and (10) County of Kings.

Plaintiff's allegations concerning the alleged assault by Defendants Hernandez, Celedon, and Mancilla on March 21, 2016 are substantially the same as in Plaintiff's prior pleadings, and have been set forth in detail in prior screening orders. Thus, the Court will avoid repeating them.

Plaintiff's new allegations are as follows:  The officers' use of excessive force against Plaintiff on March 21, 2016 proved that Sergeant E. Magallanes, Lieutenant J. Gonzales, Acting Warden P. Vera, and Warden D. Davey all failed to properly train and supervise their officers. It also shows that S. Kernan failed to properly train (or have trained) and supervise Davey, and that Captain John Doe failed to train and supervise Lieutenant Gonzales and Sergeant Magallanes.

Officer R. Adame was also not properly supervised, when he was told to take photos of the cell, all injured officers, and Plaintiff. Officer Adame took photos of all of the above, except Plaintiff. Officer Adame lied about trying to take photos of Plaintiff, saying that he could not do it because Plaintiff was disruptive or non-compliant. Officer Adame intentionally did not take photos of Plaintiff because they which would show the officers' excessive force first-hand. Plaintiff had a black and puffy eye with oozing blood, bloody, swollen nose, bruised jaw, and face scratches. This deprived Internal Affairs and Plaintiff of evidence of the excessive force.

Plaintiff asserts a claim for excessive force in violation of the Eighth Amendment, a claim for a violation of the Bane Act, California Civil Code § 52.1, a claim for a violation of California Government Code § 815.2, and a claim for a violation of Penal Code § 422.55.

Plaintiff seeks damages and any further relief deemed necessary or allowed by the court.

## IV.    Discussion

### A.  Supervisory Liability

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. Cal. Dep't of Corr. and Rehab., 726 F.3d 1062, 1074–75 (9th Cir. 2013); Lacey v. Maricopa Cnty., 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 625 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff vaguely alleges that Sergeant E. Magallanes, Lieutenant J. Gonzales, Acting Warden P. Vera, Warden D. Davey, S. Kernan, Secretary of CDCR, and Captain John Doe are liable based on a failure to supervise and/or properly train their subordinate employees. Supervisory employees cannot be held liable based solely on the actions of their subordinate employees. Plaintiff has failed to allege any facts indicating personal participation by these

supervisory defendants in any use of excessive force on Plaintiff, or other violation of Plaintiff's rights. Nor has Plaintiff alleged that any of these supervisors knew of any violation, but failed to act to prevent it. These defendants should therefore be dismissed for Plaintiff's failure to state a claim against them.

Plaintiff also states that he brings a claim based on the lack of proper supervision of Officer Adame, but it appears he also may intend to bring a claim directly against Officer Adame. Plaintiff alleges that Officer Adame was instructed to take pictures of Plaintiff, but did not do so because Plaintiff's injuries plainly showed a use of excessive force. To the extent Plaintiff seeks to base a claim on a duty to preserve evidence, he has not stated any cognizable § 1983 claim. There is no constitutional right to a thorough investigation of an incident, and thus these allegations cannot form the basis of a civil rights claim. See Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985) (per curiam) ("[W]e can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved."); Page v. Stanley, No. CV 11–2255 CAS (SS), 2013 WL 2456798, at *8–9 (C.D. Cal. June 5, 2013) (dismissing Section 1983 claim alleging that officers failed to conduct thorough investigation of plaintiff's complaints because plaintiff "had no constitutional right to any investigation of his citizen's complaint, much less a 'thorough' investigation or a particular outcome").[1]

### B. **Excessive Force**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v McMillian, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994) (quotations omitted).

---

[1] The Court makes no finding on any common law duty to preserve evidence here, if any. See Pettit v. Smith, 45 F. Supp. 3d 1099, 1106 (D. Ariz. 2014) (discussing common law duty to preserve evidence by correctional agencies in prisoner civil rights matters).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury . . .[,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Id. (quoting Whitley v. Albers, 475 U.S. 1078, 1085 (1986)).

As noted previously, Plaintiff alleged that Defendants Hernandez, Mancilla and Celedon attacked and beat him on March 21, 2016. Those allegations are sufficient to state a cognizable claim for excessive force in violation of the Eighth Amendment.

### C.  **Bane Act**

Plaintiff also asserts a claim under California's Bane Act, California Civil Code § 52.1.

As Plaintiff has been previously informed, "[t]here are two distinct elements for a section 52.1 cause of action. A plaintiff must show (1) intentional interference or attempted interference with a state or federal constitutional or legal right, and (2) the interference or attempted interference was by threats, intimidation or coercion." Allen v. City of Sacramento, 234 Cal. App. 4th 41, 67, 183 Cal. Rptr. 3d 654 (2015), as modified on denial of reh'g (Mar. 6, 2015), review denied (May 20, 2015).

Plaintiff has not alleged facts showing an interference or attempted interference with a legal right, accompanied by threats, intimidation or coercion. The Court has also informed Plaintiff that excessive force alone is not sufficient to state a Bane Act claim. Plaintiff has not cured these deficiencies, despite being provided with the applicable law and standards. Plaintiff therefore fails to state any claim for a Bane Act violation.

### D.  **Penal Code Violation**

Plaintiff claims a violation of California Penal Code § 422.55 for committing a hate crime against a person with a disability. With rare, limited exceptions, none of which applies to § 1983 actions, federal law does not allow a private citizen to bring a criminal prosecution against another citizen. Criminal actions are initiated by the state, not by private citizens. Therefore,

Plaintiff is unable to bring a criminal action under § 1983 against Defendants for violation of the Penal Code, and he fails to state a claim on that basis.

### E.  California Government Code Section 815.2

Plaintiff seeks to bring a claim against the County of King for a violation of California Government Code § 815.2 base on the alleged excessive force used here. That code section provides that "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." Cal. Gov't Code § 815.2(a).

However, an entity is not liable where immunity applies. See id. at § 815.2(b). Under California Government Code §844.6, a public entity cannot be liable for an injury to a prisoner. Cal. Gov't Code § 844.6; see also Frary v. Cty. of Marin, No. C 12-3928 MEJ, 2012 WL 6218196, at *12 (N.D. Cal. Dec. 13, 2012) (dismissing California Government Code claims based on death of a prisoner against city and county defendants due to immunity under Cal. Gov't Code § 844.6). That code section has a limited exception for injuries caused by the failure to provide certain medical care, which is not applicable here. See Cal. Gov't Code § 845.6. Thus, Plaintiff is barred from bringing a claim against the County of King here, and the County should be dismissed.

### CONCLUSION, ORDER AND RECOMMENDATIONS

Based on the foregoing, the Court finds that Plaintiff has stated a cognizable claim against Defendants Hernandez, Celedon, and Mancilla for excessive force in violation of the Eighth Amendment, but no other claims. All other claims and defendants should be dismissed for Plaintiff's failure to state a claim upon which relief may be granted.

Accordingly, the Court HEREBY ORDERS that Plaintiff's motion to strike, filed on October 11, 2017 (ECF No. 30), is denied as unnecessary.

Further, the Court HEREBY RECOMMENDS that:

1.      This action proceed on Plaintiff's claim against Defendants Hernandez, Celedon, and Mancilla for excessive force in violation of the Eighth Amendment; and

2.      All other claims and defendants be dismissed from this action for the failure to state a claim upon which relief may be granted.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provision of 28 U.S.C. §636 (b)(1)(B). Within **fourteen (14) days** after being served with these Finding and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.2d F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __October 23, 2017__               ___/s/ Barbara A. McAuliffe___
                                         UNITED STATES MAGISTRATE JUDGE