# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR., <br><br> Plaintiff, <br><br> vs. <br><br> DR. REDDY, et al., <br><br> Defendants. | 1:17-cv-00569-LJO-BAM (PC) <br><br> FINDINGS AND RECOMMENDATIONS RECOMMENDING DENIAL OF PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION <br><br> [Doc. 49] |

Plaintiff Christopher Lipsey is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's third amended complaint against Defendants Hernandez, Celedon, and Mancilla for excessive force in violation of the Eighth Amendment.

Currently before the Court is Plaintiff's motion for preliminary injunction, filed on May 29, 2018. (Doc. 49.) Plaintiff states that he has recently moved (and a change of address form was filed in this case, (Doc. 47), but he has not yet received his property, including legal documents pertinent to this matter. Plaintiff seeks an order directing that his property be sent to his current housing location as soon as possible. The Court finds no response from Defendants is necessary, and shall address Plaintiff's request. Local Rule 230(l).

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to

1

suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id*. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id*. at 22 (citation omitted).

"[A] court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969); *SEC v. Ross*, 504 F.3d 1130, 1138–39 (9th Cir. 2007). Similarly, the pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 492-93; *Mayfield*, 599 F.3d at 969.

Here, Plaintiff seeks an injunction against prison officials who are not parties to this action, at an institution at which he is no longer housed, and on issues not related to the substance of his claim. The Court has no jurisdiction to issue the specific relief sought here.

More importantly, Plaintiff has not made the clear showing that it is necessary to issue injunctive relief in this matter. Plaintiff states that it has been about a month since he has been without his property, and that he filed a 602, but it has gone unanswered. Plaintiff further states that CDCR does not oppose him having his property, however, he believes his property is not being sent due to a 602.

In this Court's experience, it is not unusual for property transfers to take some time following a housing relocation, and Plaintiff should receive his property in due course. Plaintiff has not shown any cause for interfering with prison officials' regular procedures in these matters. Further, Plaintiff can be accommodated with a reasonable extension of time to allow for his property to continue to be processed and moved. Therefore, by separate order, the Court will grant Plaintiff a thirty-day extension of time to allow for him to obtain his legal property.

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for a preliminary injunction (Doc. 49) be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 4, 2018**　　　　　　　　/s/ *Barbara A. McAuliffe*
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE