# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR., <br><br> Plaintiff, <br><br> vs. <br><br> DR. REDDY, et al., <br><br> Defendants. | Case No.: 1:17-cv-00569-LJO-BAM (PC) <br><br> ORDER DENYING PLAINTIFF'S REQUEST TO ALLOW HIM TO WAIVE DISCOVERY AND PROCEED TO JURY TRIAL <br><br> (Doc. 58) |

Plaintiff Christopher Lipsey is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion requesting to allow him to waive discovery and proceed to a jury trial, pending the outcome of Defendants' motion for summary judgment for the failure to exhaust available administrative remedies. (Doc. 58.)

The Court issued a discovery and scheduling order in this case on February 2, 2018. (Doc. 41.) On June 27, 2018, all non-exhaustion discovery was stayed pending a ruling on Defendants' summary judgment motion. (Doc. 56.)

Plaintiff's discovery obligations under the Federal Rules of Civil Procedure do not permit him to abdicate his responsibility to respond to properly propounded and pending discovery, or to appear for a properly noticed deposition. In addition, Plaintiff's pro se status does not excuse intentional non-compliance with discovery rules and court orders. *See Lindstedt v. City of*

1

*Granby*, 238 F.3d 933, 937 (8th Cir. 2000) (affirming sanction of dismissal, holding that "[a] *pro se* litigant is bound by the litigation rules as is a lawyer, particularly here with the fulfilling of simple requirements of discovery); *see also Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (holding that district court could not decline to impose any sanction for violation of Fed. R. Civ. P. 11 simply because plaintiff was proceeding *pro se*).

Therefore, at least since the issuance of the Court's initial discovery and scheduling order, Plaintiff has been informed that he is required to cooperate with discovery, including to appear and cooperate in a deposition, if any were to be properly noticed. (Doc. 41 ¶ 3 ("Pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), Defendant may depose Plaintiff and any other witness confined in a prison upon condition that, at least fourteen (14) days before such a deposition, Defendant serves all parties with the notice required by Federal Rule of Civil Procedure 30(b)(1).").) The Court will not force Plaintiff to propound any discovery of his own, but as the plaintiff in his lawsuit, he must meaningfully cooperate in any proper discovery requests made by Defendants.

The Court takes no position on Defendants' motion for summary judgment in this order. Nevertheless, should any part of Plaintiff's action survive that motion, Plaintiff will be expected to comply with his discovery obligations, as outlined above, or he may be sanctioned, up to and including dismissal of this action.

Accordingly, Plaintiff's motion to allow him to waive discovery and proceed to a jury trial, filed on July 16, 2018 (Doc. 58), is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **July 19, 2018**      /s/ *Barbara A. McAuliffe*
                              UNITED STATES MAGISTRATE JUDGE