# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR.,<br><br>  Plaintiff,<br><br>vs.<br><br>DR. REDDY, et al.,<br><br>  Defendants. | Case No.: 1:17-cv-00569-LJO-BAM (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STRIKE UNAUTHORIZED SURREPLY, (Doc. No. 65), AND DENYING PLAINTIFF'S MOTION TO DENY MOTION TO STRIKE, (Doc. No. 66)<br><br>ORDER STRIKING PLAINTIFF'S SUR-REPLIES<br>(Doc. Nos. 64, 72)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR THE FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES, BE GRANTED<br>(Doc. No. 45)<br><br>**FOURTEEN-DAY DEADLINE** |

**I.     Introduction**

Plaintiff Christopher Lipsey is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This case proceeds on Plaintiff's Third Amended Complaint against Defendants Hernandez, Celedon, and Mancilla for excessive force in violation of the Eighth Amendment.  (Doc. No. 29.)

Currently before the Court is Defendants' motion for summary judgment for the failure to exhaust administrative remedies pursuant to Federal Rule of Civil Procedure 56, filed on May 2,

1

2018. (Doc. No. 45.) Plaintiff filed an opposition, on extension, on July 16, 2018. (Doc. No. 59.) Defendants filed a reply on July 18, 2018. (Doc. No. 61.)

Plaintiff also filed a sur-reply, on July 30, 2018. (Doc. No. 64.) Defendants filed a motion to strike that sur-reply, on August 6, 2018, (Doc. No. 65), and Plaintiff filed a motion opposing Defendants' motion to strike, on August 17, 2018, (Doc. No. 66). Plaintiff also filed a motion requesting judicial review, on December 17, 2018. (Doc. No. 72.) That motion contains additional argument and authorities regarding the summary judgment motion that Plaintiff seeks for the Court to consider, and is therefore liberally construed as a second sur-reply.

These motions are now deemed submitted. Local Rule 230(l).

## II.     Motions Regarding Additional Briefing

The Court first addresses the dispute over whether to strike or allow Plaintiff's additional briefs. Generally, parties do not have the right to file sur-replies, and motions are deemed submitted when the time to reply has expired. Local Rule 230(l). The Court generally views motions for leave to file sur-replies with disfavor. *Hill v. England*, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing *Fedrick v. Mercedes–Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005)). However, district courts have the discretion to either permit or preclude a sur-reply. *See U.S. ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit "inequitable surreply"); *JG v. Douglas County School Dist.*, 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file sur-reply where it did not consider new evidence in reply); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving the non-movant an opportunity to respond).

In this Circuit, courts are required to afford pro se litigants additional leniency. *E.g.*, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). This leniency, however, does not extend to permitting sur-replies as a matter of course, and the Court is not generally inclined to permit sur-replies absent an articulation of good cause as to why such leave should be granted.

Here, Plaintiff did not seek leave of Court before filing either his first or second sur-reply. Although Plaintiff responded to the motion to strike his initial sur-reply, his response does not provide sufficient cause as to why any additional briefs should be considered or are necessary here. Plaintiff states that he does not think a motion to strike a sur-reply is permitted by the rules; that he has had issues with legal mail and feared that if the court did not receive an opposition from him, his case would be dismissed; and that he believes that prison officials manipulate the exhaustion process in order to prevent meritorious claims from proceeding in court. None of these reasons show that additional briefing is necessary to resolve the motion here, particularly in light of the fact that Plaintiff was able to file a lengthy and complete opposition brief.

Accordingly, Defendants' motion to strike Plaintiff's sur-reply will be granted, and both of Plaintiff's sur-replies will be stricken.

Next, the Court addresses Defendants' summary judgment motion.

### III. Defendants' Motion for Summary Judgment for the Failure to Exhaust

As noted above, this case arises out of allegations that Defendants used excessive force on Plaintiff, while he was housed at Corcoran State Prison ("Corcoran"). In summary, Plaintiff alleges that on or about March 21, 2016, following a search incident, Defendant Hernandez pushed Plaintiff into a cell. He was then subjected to a flurry of punches by Defendant Hernandez, while Defendant Celedon held Plaintiff down. Plaintiff, while handcuffed, put his arms over his face to protect himself, and then Defendants Hernandez and Mancilla rained down over twenty punches to Plaintiff's jaws and ears. Plaintiff tried to slide under the bunk in order to protect his face. Defendant Celedon then pepper sprayed Plaintiff in the face.

Plaintiff alleges that there was no cause for the force used in the above incident, and he sustained injuries from the use of force. Defendants deny that they engaged in any use of excessive or unwarranted force, and deny that Plaintiff suffered injuries. (Answer, Doc. No. 40.)

In the instant motion, Defendants argue that the undisputed material facts show that Plaintiff failed to exhaust his available administrative remedies prior to filing suit on his claims against them. Therefore, Defendants seek for this case to be dismissed on those grounds.

**A. Legal Standards**

**1. Summary Judgment**

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014); *Washington Mut. Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).

The failure to exhaust is an affirmative defense, and Defendant bears the burden of raising and proving the absence of exhaustion. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Albino*, 747 F.3d at 1166. Defendant must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino*, 747 F.3d at 1172. If the Defendant carries this burden, the burden of production shifts to Plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id*. "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." *Id*. at 1166. "If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." *Id*.

**2. Exhaustion of Administrative Remedies**

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion

is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1. The process is initiated by submitting a CDCR Form 602 describing the issue and the relief requested. *Id*. at § 3084.2(a). Three levels of review are involved—a first level review, a second level review and a third level review. *Id*. at § 3084.7. Bypassing a level of review may result in rejection of the appeal. *Id*. at § 3084.6(b)(15). Under § 1997e, a prisoner has exhausted his administrative remedies when he receives a decision at the third level. *See Barry v. Ratelle*, 985 F. Supp. 1235, 1237-38 (S.D. Cal. 1997).

The PLRA requires that a prisoner exhaust available administrative remedies before bringing a federal action concerning prison conditions. 42 U.S.C. § 1997e(a) (2008); *see Porter*, 534 U.S. at 524 ("Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit."). Exhaustion must be "proper." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). This means that a grievant must use all steps the prison holds out, enabling the prison to reach the merits of the issue. *Id*. at 90.

**B.      Parties' Arguments**

Defendants assert that Plaintiff submitted two appeals on the facts of this case—CSPC-8-16-04466 and CSPC-8-16-03478—both of which were cancelled. Although Plaintiff attempted to submit CSPC-8-16-04466 to the third level of review, it was rejected because Plaintiff had not appealed the prior cancellation.

Plaintiff asserts that he attempted to appeal the cancellation decision for Appeal No. CSPC-8-16-03478, but that he was told that he was violating regulations, and would be placed on appeal restriction. Because he did not want to risk appeal restrictions, he stopped attempting to exhaust his appeals. Therefore, he argues that administrative remedies were effectively unavailable here due to improper cancellation of his appeal, and the inability to appeal that cancellation determination.

In reply, Defendants argue that Appeal No. CSPC-16-03478 was properly screened out as untimely, and that there was an appeal process available to challenge the cancellation. However, they argue that the undisputed facts show that Plaintiff failed to properly submit the appeal. Therefore, they argue that administrative remedies were in fact available here, but Plaintiff did not properly exhaust his appeals before filing suit.

**C.     Analysis**

As an initial matter, there is no dispute that there was an administrative grievance process generally available at Plaintiff's institution in this case, and that Plaintiff used that system. The parties also do not dispute that Plaintiff submitted two appeals regarding the alleged events at issue in this case. First, Appeal No. CSPC-8-16-04466 was a staff complaint in which Plaintiff named Officer Hernandez and two other unnamed officers, alleging that they used excessive force in an incident on March 27, 2016. (T. Galaviz Decl., Doc. No. 45-5, Ex. C.) This appeal was cancelled at the second level of review, because it was submitted on August 30, 2016, nearly six months after the incident took place, and therefore was found to be untimely. (T. Galaviz Decl. ¶ 9.) Plaintiff was advised in a letter from the institution, dated September 8, 2016, that he may appeal the cancellation. (*Id*.)

Second, Appeal No. CSPC-8-16-03478 was also a staff complaint in which Plaintiff named Officer Hernandez and two other unnamed officers, alleging that they used excessive force in the incident at Corcoran on March 21, 2016. (T. Galaviz Decl., Ex. D.) Plaintiff submitted this appeal on July 5, 2016, over three months after the incident at issue occurred. (*Id*.) Therefore, it was also cancelled as untimely at the second level of review. (*Id*. at ¶ 11.)

Based on the foregoing, Defendants have met their initial burden of raising and proving the availability of an administrative remedy and the absence of exhaustion. The undisputed facts show that no appeal regarding Plaintiff's claims in this case was submitted and reviewed at the third, final level of review. The burden therefore shifts to Plaintiff to show that generally available administrative remedies were effectively unavailable to him in this instance, because the PLRA does not require the exhaustion of administrative remedies that have been rendered effectively unavailable. *See, e.g.*, *Sapp v. Kimbrell*, 623 F.3d 813, 822 (9th Cir. 2010).

Plaintiff initially argues that administrative remedies were unavailable because his appeals were improperly cancelled, as they were not untimely. "[I]mproper screening of an inmate's administrative grievances renders administrative remedies 'effectively unavailable' such that exhaustion is not required under the PLRA." *Sapp*, 623 F.3d at 823. "If prison officials screen out an inmate's appeals for improper reasons, the inmate cannot pursue the necessary sequence of appeals, and administrative remedies are therefore plainly unavailable." *Id*.

Subdivision (c) of section 3084.2 of Title 15 of the California Code of Regulations ("CCR") provides "[f]irst and second level appeals . . . shall be submitted to the appeals coordinator at the institution or parole region for processing." CCR, Title 15, § 3084.2(c). An inmate must submit the appeal within thirty calendar days of the occurrence of the event or decision being appealed. *Id*. at § 3084.2(c). Subdivision (d) provides that after the appeal has been accepted for review at the first and second level, "[i]f dissatisfied with the second level response, the appellant may submit the appeal for a third level review . . . provided that the time limits pursuant to section 3084.8 are met." *Id*. § 3084.2(d). An appeal can be cancelled if an inmate submits the appeal after the requisite time period, even though he had the opportunity to submit it beforehand. *Id*. § 3084.6(c)(4). Once cancelled at the first or second levels of review, an appeal cannot be accepted unless the appeal was cancelled in error or the inmate separately appeals the cancellation to the appeals coordinator, challenging the application of section 3084.6(c) to his appeal. *Id*. § 3084.6(e).

Based on these applicable regulations, Plaintiff's appeal was required to be submitted within thirty days of the alleged excessive force incident, but both of his appeals were submitted long after that deadline. Thus, his appeals were not improperly screened; instead, the appeals were untimely. Plaintiff argues that under CCR § 3084.9(a)(5)(A), this time limit does not apply here. However, that provision provides exceptions to filing deadlines for grievances raising allegations of sexual violence or staff sexual misconduct. Thus, CCR § 3084.9(a)(5)(A) does not apply in this case.

Plaintiff also argues that he attempted to appeal the cancellation of Appeal No. CSPC-8-

7

16-03478 on two occasions. However, both times prison officials did not allow the appeal, stated that he was violating regulations, and stated that he would be placed on appeal restriction. As a result, Plaintiff asserts that he was not afforded an opportunity to exhaust his administrative remedies here.

Generally, in California, a prisoner may appeal an improper cancellation under the regulations. *See* CCR, Title 15 § 3084.6(a)(3) and (e) (inmate can appeal cancellation decision separately pursuant to the rules in § 3084.6(c), and if inmate prevails, cancelled appeal can be considered at the discretion of the appeals coordinator). Further, the Ninth Circuit has held that "[t]he obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.'" *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original). Thus, if a process to challenge an improper cancellation is available, a prisoner must utilize it to fully exhaust administrative remedies.

In this case, the undisputed evidence is that the second-level denial of Appeal No. CSPC-8-16-03478 stated that once an appeal was canceled, that appeal could not be resubmitted, but a separate appeal could be filed on the cancellation decision. (T. Galaviz Decl., Ex. E.) If the separate appeal on the cancellation was granted, then the original appeal could be resubmitted. (*Id*.) The undisputed evidence further shows that instead of appealing the cancellation, Plaintiff submitted the same appeal to the second level of review once more. The institution responded in a letter dated August 24, 2016, that the appeal had been cancelled and could not be resubmitted. (*Id*. at Ex. F.)

Plaintiff then submitted two more appeals, in November and December 2016, that were the same as Appeal No. CSPC-8-16-03478, which were forwarded to the appeals office at Corcoran. (*Id*. at Ex. G.) The institution again advised Plaintiff by letter that he could not resubmit a cancelled appeal. (*Id*. at Ex. H, I.) Both letters contain the same language advising Plaintiff that although he could not resubmit the appeal, he could file a separate appeal for the cancellation. The letters also warned Plaintiff that continuing to resubmit the appeal that was previously cancelled was against regulations, could be considered a misuse or abuse of process, and could result in being placed on appeal restriction. (*Id*.) It is undisputed that Plaintiff never

filed any separate appeal challenging the cancellation itself. (*Id*. at ¶ 15.)

Plaintiff argues that this process is a hurdle for prisoners, and that he attempted to comply with the requirements of the process, and wrote notes on his appeals to attempt to explain this. He further argues that it would be unfair to penalize him for failing to jump through the "hoops" of the process here. Finally, he asserts that he followed all the rules and regulations that he understood to pertain to him.

The Supreme Court has held that the exhaustion requirement in the PLRA is mandatory, and a court does not have discretion to excuse the exhaustion requirement. *Ross v. Blake*, — U.S.—, 136 S. Ct. 1850, 1856–57, 195 L. Ed. 2d 117 (2016). There is no "special circumstances" exception to the mandatory exhaustion requirement, and therefore the court may not look to the circumstances and excuse a failure to exhaust available remedies, such as if a prisoner claims to have made a reasonable mistake about the meaning of a grievance procedure. *See id*. at 1858. So long as the process is functional and available, it must be followed. *See id*.

Here, the undisputed evidence shows that there was a process available to Plaintiff to appeal the cancellation of his appeal so that he could assert any argument that the cancellation was improper or should be reversed, and he did not properly utilize that process. Plaintiff has not shown that the process was not capable of use, but merely that he did not properly follow the procedures. Plaintiff's improper use of the system is not sufficient to show that administrative remedies were effectively unavailable to him. *See Wilson v. Zubiate*, 718 F. App'x 479, 482 (9th Cir. 2017) ("[Plaintiff] had the possibility of appealing the cancellation decision and therefore cannot show that he was 'thwarted by improper screening' under *Sapp*, 623 F.3d at 823.").

Based on the foregoing, Defendants have met their burden to show the failure to exhaust available administrative remedies, and Plaintiff has failed to create any genuine issue of material fact that remedies were unavailable in this case. Thus, Defendants' summary judgment motion should be granted, and Plaintiff's claims be dismissed, without prejudice. *City of Oakland, Cal. v. Hotels.com LP*, 572 F.3d 958, 962 (9th Cir. 2009), *as amended* (Aug. 20, 2009) (failure to exhaust administrative remedies is "properly treated as a curable defect and should generally result in a dismissal without prejudice").

///

## IV. Conclusion

For the reasons explained, the Court hereby orders that:

1. Defendants motion to strike Plaintiff's sur-reply, filed on August 6, 2018, (Doc. No. 65), is granted, and Plaintiff's motion to deny the motion to strike, filed on August 17, 2018 (Doc. No 66), is denied;

2. Plaintiff's sur-reply, filed on July 30, 2018, (Doc. No. 64), is stricken; and

3. Plaintiff's motion requesting judicial review, filed on December 17, 2018. (Doc. No. 72), is construed as a second sur-reply, and is stricken.

***

Further, the Court hereby recommends that:

1. Defendants' motion for summary judgment for the failure to exhaust available administrative remedies, filed on May 2, 2018 (Doc. No. 45), be granted; and

2. This action be dismissed, without prejudice, for the failure to exhaust available administrative remedies.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, under 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 6, 2019**           /s/ *Barbara A. McAuliffe*
                                      UNITED STATES MAGISTRATE JUDGE