# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR., <br><br> Plaintiff, <br><br> v. <br><br> DR. REDDY, et al., <br><br> Defendants. | Case No. 1:17-cv-00569-LJO-BAM (PC) <br><br> ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS <br> (ECF No. 76) <br><br> ORDER DENYING PLAINTIFF'S MOTION REQUESTING ALTERATION OR AMENDMENT OF THE JUDGMENT AND/OR MOTION <br> (ECF No. 77) <br><br> ORDER DENYING PLAINTIFF'S FEDERAL RULE OF CIVIL PROCEDURE 59 AND 60(b) MOTIONS <br> (ECF No. 78) |

Plaintiff Christopher Lipsey, Jr. is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.   Background**

On February 7, 2019, the Magistrate Judge issued findings and recommendations that Defendants' motion for summary judgment based on Plaintiff's failure to exhaust available administrative remedies be granted. (ECF No. 73.) The findings and recommendations were served on the parties and contained notice that any objections were to be filed within fourteen (14) days after service. (Id. at 10.)

1

On March 6, 2019, the undersigned adopted the pending findings and recommendations without objections from either party, granted Defendants' motion for summary judgment, and ordered that judgment be entered in favor of all Defendants. (ECF No. 74.) Judgment was entered in favor of all Defendants against Plaintiff. (ECF No. 75).

However, also on March 6, 2019, but after the order adopting and the judgment were docketed, Plaintiff filed objections to the findings and recommendations. (ECF No. 76.) While Plaintiff's objections to the findings and recommendations were not docketed until March 6, 2019, the objections include a proof of service by mail dated February 14, 2019. Pursuant to the prison mailbox rule, a pleading filed by a *pro se* prisoner is deemed to be filed as of the date the prisoner delivered it to the prison authorities for mailing to the court clerk. See Houston v. Lack, 487 U.S. 266, 270 (1988); Douglas v. Noelle, 567 F.3d 1103, 1108–09 (9th Cir. 2009) (mailbox rule articulated in Houston applies to civil rights actions). Therefore, Plaintiff's objections to the findings and recommendations were timely filed and are addressed below.

On March 18, 2019, Plaintiff filed a motion requesting to alter or amend the judgment and/or a motion pursuant to Federal Rules of Civil Procedure 60(b). (ECF No. 77.) On March 22, 2019, Plaintiff filed a document titled "Federal Rule of Civil Procedure 59 and 60(b) Motions." (ECF No. 78.) Both of these motions are pending review and will also be addressed below.

**II.    Plaintiff's Objections to Magistrate Judge's Finding and Recommendations**

In his objections to the Magistrate Judge's February 7, 2019 findings and recommendations, Plaintiff first argues that the Rand notice provided by Defendants at the time Defendants' motion for summary judgment was filed was insufficient because the notice failed to include a citation to Thomas v. Ponder, 611 F.3d 1144 (9th Cir. 2010) and a statement that, according to Thomas, 611 F.3d at 1150, a *pro se* inmate is not required to file affidavits, depositions, interrogatory answers, or admissions to defeat a motion for summary judgment, but, instead, can defeat summary judgment by submitting factual statements in the inmate's opposition to the motion for summary judgment.

However, the Court finds Plaintiff's first objection to be unpersuasive. Initially, the Rand notice served on Plaintiff by Defendants is not insufficient simply because the notice failed to include a citation to Thomas, 611 F.3d 1144. Further, since the Court finds no support in the

Thomas v. Ponder opinion for Plaintiff's assertion that the Ninth Circuit articulated in Thomas that a *pro se* inmate plaintiff can defeat summary judgment by submitting factual statements in the inmate's opposition to summary judgment, the Rand notice served on Plaintiff was not insufficient because it failed to include Plaintiff's proposed statement.

Second, Plaintiff argues that, since the Magistrate Judge did not mention Plaintiff's affidavit in the findings and recommendations, the Magistrate Judge erred by not treating Plaintiff's opposition as an affidavit to oppose Defendants' motion for summary judgment.

The Court finds Plaintiff's second objection is unpersuasive. Since the filings and motions of a *pro se* inmate must be construed liberally, a verified opposition may be treated or considered as an affidavit in opposition to summary judgment, but only to the extent that the inmate's statements in the opposition are based on personal knowledge and set forth specific facts admissible in evidence. McElyea v. Babbitt, 833 F.2d 196, 197–98, 198 n.1 (9th Cir. 1987). In this case, while it is true that the Magistrate Judge's findings and recommendations failed to explicitly state that Plaintiff's opposition was being treated as an affidavit, the findings and recommendations clearly demonstrate that the Magistrate Judge considered factual statements made by Plaintiff in his opposition as evidence. The fact that the Magistrate Judge found that Plaintiff failed to create any genuine issue of material fact that administrative remedies were effectively unavailable to Plaintiff does not establish that the Magistrate Judge did not treat Plaintiff's opposition as an affidavit.

Third, Plaintiff contends that the Magistrate Judge erred in recommending that the undersigned grant Defendants' motion for summary judgment because Plaintiff presented the Court with evidence demonstrating that administrative remedies were effectively unavailable to him. Specifically, Plaintiff argues that he provided the Court with evidence that he submitted administrative appeals regarding the March 21, 2016 incident within 30 days of the incident and more than 30 days after the incident, but that the appeals coordinators did not respond to his administrative appeals regarding the March 21, 2016 incident until they rejected his July 5, 2016 appeal as untimely. (ECF No. 76, at 6, 10–11.)

The Court finds Plaintiff's third objection to be unpersuasive. In his opposition, Plaintiff alleges he filed his first administrative appeal challenging the March 21, 2016 incident on

approximately April 15, 2016 by sending the appeal to the Corcoran SHU appeal coordinators through "the Department of State Hospital at Stockton," which the Court interprets as a reference to California Health Care Facility, Stockton. (ECF No. 58, at 2, 13, 16–18.) Plaintiff further asserts that, after he did not receive an inmate assignment notice for his April 2016 appeal, he filed four more appeals challenging the March 21, 2016 incident, one in May, two in June, and one on July 5, 2016. Plaintiff states that he did not receive any response to his administrative appeals until the appeals coordinators cancelled his July 5, 2016 appeal as untimely. (ECF No. 58, at 2, 3, 6, 13, 16–17.)

However, even viewing this evidence in the light most favorable to Plaintiff, Plaintiff has not shown that the appeals coordinators' failure to process his April, May, and June 2016 appeals rendered the prison grievance process "effectively unavailable" to Plaintiff. Albino v. Baca, 747 F.3d 1162, 1172 (9th Cir. 2014). After his June 2016 appeal was not processed, Plaintiff filed his July 5, 2016 appeal regarding the March 21, 2016 incident. The undisputed evidence shows that the appeals coordinators processed Plaintiff's July 5, 2016 appeal by screening out and cancelling the appeal as untimely. The undisputed evidence also shows that, while Plaintiff resubmitted his cancelled July 5, 2016 appeal several times, Plaintiff failed to file a separate appeal challenging the cancellation of his July 5, 2016 appeal, as he was instructed he could do by the institution in several letters. Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) ("The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.'"); see Cal. Code Regs. tit. 15, § 3084.6(a)(3), (e) (inmate can appeal cancellation decision separately). Nothing before the Court suggests that, if Plaintiff had filed a separate cancellation appeal contending that his July 5, 2016 appeal was improperly cancelled as untimely because he had previously filed appeals challenging the March 21, 2016 incident in April, May, and June 2016 that were not processed, the appeals coordinators or third level would not have granted Plaintiff's cancellation appeal and permit Plaintiff to resubmit his July 5, 2016 appeal. Therefore, while the appeals coordinators' failure to process Plaintiff's April, May, and June 2016 appeals may have frustrated Plaintiff, unlike the plaintiff in Andres v. Marshall, 867 F.3d 1076 (9th Cir. 2017), Plaintiff was not, in fact, prevented from pursuing his administrative remedies. It was Plaintiff's decision to not file a separate appeal

challenging the cancellation of his July 5, 2016 appeal. Consequently, Plaintiff's evidence regarding his April, May, and June 2016 appeals fails to create any genuine issue of material fact about Plaintiff's failure to exhaust his available administrative remedies.

Finally, the remainder of Plaintiff's objections merely reiterate arguments made in his opposition to the motion for summary judgment, which were fully addressed in the Magistrate Judge's findings and recommendations.

Therefore, Plaintiff's objections to the Magistrate Judge's February 7, 2019 findings and recommendations, (ECF No. 76), are overruled.

### III. Plaintiff's Motions for Reconsideration

On March 18, 2019, Plaintiff filed a motion requesting to alter or amend the judgment and/or a motion pursuant to Federal Rules of Civil Procedure 60(b). (ECF No. 77.) On March 22, 2019, Plaintiff filed a document titled "Federal Rule of Civil Procedure 59 and 60(b) Motions." (ECF No. 78.) The Court interprets both of Plaintiff's motions as motions for reconsideration of the Court's March 6, 2019 order adopting the Magistrate Judge's February 7, 2019 findings and recommendations and granting Defendants' motion for summary judgment.

"A motion for reconsideration of summary judgment is appropriately brought under either Rule 59(e) or Rule 60(b)." United States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1129 (E.D. Cal. 2001) (internal quotation marks and citation omitted). Regardless of whether the motion for reconsideration is brought under Rule 59(e) or Rule 60(b), "[a] motion for reconsideration is not a vehicle to reargue the motion or to present evidence which should have been raised before." Westlands Water Dist., 134 F. Supp. 2d at 1131 (internal quotation marks and citation omitted). Therefore, "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the [C]ourt before rendering its original decision fails to carry the moving party's burden." Id. (internal quotation marks and citation omitted). Consequently, "[a] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal

quotation marks and citation omitted). Additionally, Local Rule 230(j) requires that, when a party makes a motion for reconsideration, the party must show "what new or different facts or circumstances are claimed to exist or were not shown upon such prior motion, or what other grounds exist for the motion" and "why the facts and circumstances were not shown at the time of the prior motion."

### A. Plaintiff's March 18, 2019 Motion for Reconsideration

In his March 18, 2019 motion, Plaintiff contends that the Court should reconsider its March 6, 2019 order adopting the findings and recommendations and granting Defendants' motion for summary judgment because he did not have a pen to timely prepare his objections, he has provided the Court with new evidence supporting his claim that the administrative appeal process was effectively unavailable to him, and the evidence previously submitted to the Court shows that the administrative appeal process was effectively unavailable to him. (ECF No. 77.)

First, Plaintiff's request for reconsideration based on the fact that his objections were untimely because he did not have constant possession of a pen is moot because the Court previously determined that Plaintiff's objections were timely filed and already considered the objections on their merits. Second, Plaintiff argues that the Court should reconsider the order granting summary judgment because he has provided the Court with new evidence demonstrating that appeals coordinators have a custom and habit to refuse to process properly filed administrative appeals and deny ever receiving the appeal so that inmates cannot exhaust the prison grievance process. However, evidence demonstrating that appeals coordinators at Kern Valley State Prison have denied receiving administrative appeals that Plaintiff asserts that he filed in 2018 does not create any genuine issue of material fact regarding whether California State Prison, Corcoran appeals coordinators' failure to process the April, May, and June 2016 appeals that Plaintiff contends that he filed regarding the March 21, 2016 incident rendered the prison grievance process "effectively unavailable" to Plaintiff in 2016.

Third, while Plaintiff argues that evidence previously submitted to the Court shows that the administrative appeal process was effectively unavailable to him, reconsideration is not appropriate when the moving party relies on arguments previously raised or evidence previously submitted to

6

the Court. In re Benham, No. CV13-00205-VBF, 2013 WL 3872185, at *9 (C.D. Cal. May 29, 2013) ("[A] motion for reconsideration cannot be used to ask the Court to rethink what the Court has already thought through merely because a party disagrees with the Court's decision.") (internal quotation marks and citation omitted). As discussed above, the Court has already addressed Plaintiff's argument that his earlier appeals were ignored, and he has presented no new grounds to reconsider this assessment.

Therefore, since Plaintiff has failed to present the Court with newly discovered evidence, demonstrate that the Court committed clear error, establish that there has been an intervening change in the controlling law, or establish that a manifest injustice may occur as a result of the Court's March 6, 2019 order adopting the Magistrate Judge's February 7, 2019 findings and recommendations and the resulting March 6, 2019 judgment, Plaintiff's March 18, 2019 motion for reconsideration, (ECF No. 77), is denied.

**B.     Plaintiff's March 22, 2019 Motion for Reconsideration**

In his March 22, 2019 motion, Plaintiff contends that the Court should reconsider its March 6, 2019 order adopting the findings and recommendations and granting Defendants' motion for summary judgment because the Court improperly dismissed the instant case with prejudice, he has provided the Court with new arguments and evidence supporting his claim that the administrative appeal process was effectively unavailable to him, and the evidence previously submitted to the Court shows that the administrative appeal process was effectively unavailable to him.

However, first, Plaintiff's assertion that the Court dismissed the instant case with prejudice is incorrect. Here, after finding that Defendants met their burden of establishing that Plaintiff did not exhaust the available administrative remedies applicable to his excessive force claim and that Plaintiff failed to produce evidence establishing a genuine issue of material fact that remedies were unavailable in this case, the Court granted Defendants' motion for summary judgment and properly dismissed the instant action without prejudice. See City of Oakland v. Hotels.com LP, 572 F.3d 958, 962 (9th Cir. 2009).

Second, Plaintiff argues that the Court should reconsider the order granting summary judgment because he did not file a motion compelling answers to the discovery requests that he

served on Defendants, because this case is very similar to Rayford v. Medina, "case no. 14-cv-01318-VC (2015)" and so this Court should issue the same ruling as the Rayford court, and because he has now presented the Court with exact copies of the separate CDCR 602 appeal forms challenging the cancellation of his July 5, 2016 appeal. However, a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003). Therefore, since Plaintiff has failed to explain why he could not have raised his new arguments or provided the Court with his new evidence earlier in the litigation, the Court concludes that Plaintiff's new arguments and evidence are not proper grounds for a motion for reconsideration.

Third, Plaintiff again argues that evidence previously submitted to the Court shows that the administrative appeal process was effectively unavailable to him, and these arguments were fully addressed in the Court's ruling on Plaintiff's objections. As discussed above, reconsideration is not appropriate when the moving party relies on arguments previously raised or evidence previously submitted to the Court,. See Benham, 2013 WL 3872185, at *9.

Consequently, since Plaintiff has failed to present the Court with newly discovered evidence, demonstrate that the Court committed clear error, establish that there has been an intervening change in the controlling law, or establish that a manifest injustice may occur as a result of the Court's March 6, 2019 order adopting the Magistrate Judge's February 7, 2019 findings and recommendations and the resulting March 6, 2019 judgment, Plaintiff's March 22, 2019 motion for reconsideration, (ECF No. 78), is denied.

**IV.  Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's objections to the Magistrate Judge's February 7, 2019 findings and recommendations, (ECF No. 76), are OVERRULED;
2. Plaintiff's motion requesting to alter or amend the judgment and/or motion pursuant to Federal Rules of Civil Procedure 60(b), (ECF No. 77), is DENIED;

///

3. Plaintiff's "Federal Rule of Civil Procedure 59 and 60(b) Motions," (ECF No. 78), is DENIED; and

4. This case remains closed.

IT IS SO ORDERED.

Dated: **March 25, 2019**  **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE