UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LIPSEY, JR., <br> Plaintiff, <br> v. <br> DR. REDDY, et al., <br> Defendants. | Case No. 1:17-cv-00569-LJO-BAM (PC) <br> ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b) <br> (ECF Nos. 83, 85) |

**I.** **Background**

Plaintiff Christopher Lipsey, Jr. filed the instant 42 U.S.C. § 1983 action on April 24, 2017. (ECF No. 1.) On March 6, 2019, the undersigned issued an order adopting the Magistrate Judge's Findings and Recommendations in full, granting Defendants Hernandez's, Celedon's, and Mancilla's motion for summary judgment for failure to exhaust administrative remedies, and entering judgment in favor of all Defendants. (ECF Nos. 74, 75.) On April 1, 2019, Plaintiff filed a notice of appeal of the Court's March 6, 2019 order. (ECF No. 80.)

On June 7, 2019, Plaintiff filed a motion pursuant to Federal Rule of Civil Procedure 60(b) and request for civil penalties and/or exemplary damages. (ECF No. 83.) On June 13, 2019, the Court denied Plaintiff's Rule 60(b) motion on the ground that, since the motion was filed after the notice of appeal was filed and Plaintiff's motion did not ask the Court to issue an indicative ruling under Federal Rule of Civil Procedure 62.1, the Court had no jurisdiction to decide Plaintiff's Rule

1

60(b) motion.  (ECF No. 84.)

Currently before the Court is Plaintiff's "Question for Review," filed on July 8, 2019.  (ECF No. 85.)  In this document, Plaintiff states that, after reading <u>Williams v. Woodford</u>, 384 F.3d 567, 586 (9th Cir. 2002), which the Court cited in its June 13, 2019 order denying Plaintiff's Rule 60(b) motion, he has now realized the proper procedure to seek Rule 60(b) relief during the pendency of an appeal.  (<u>Id.</u> at 2.)  Hence, Plaintiff states that he is now asking the Court to entertain or grant the Rule 60(b) motion that he filed on June 7, 2019.  (<u>Id.</u>)

**II.**     **<u>Discussion</u>**

   **A.**     **The Court Will Construe Plaintiff's Motion as a Rule 60(b) Motion**

Federal Rule of Civil Procedure 62.1(a) provides that: "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."  "[P]rocedurally there is no basis for an independent, free-standing Rule 62.1 motion, asking the district court, in the abstract as it were, to advise the court of appeals what it would do if the court of appeals were to remand the case."  <u>Medgraph, Inc. v. Medtronic, Inc.</u>, 310 F.R.D. 208, 210 (W.D.N.Y. 2015).  Instead, Rule 62.1(a) "only applies when a 'timely motion' (typically a Rule 60(b) motion) has been made for relief that the court lacks jurisdiction to grant, because of the pendency of an appeal.  Absent an underlying, predicate motion, there is no basis for relief under Rule 62.1."  <u>Id.</u>

In this case, there is no pending Rule 60(b) motion because the Court denied Plaintiff's June 7, 2019 Rule 60(b) motion on June 13, 2019.  Nevertheless, rather than deny Plaintiff's motion for this procedural defect, the Court will incorporate Plaintiff's June 7, 2019 Rule 60(b) motion into this motion and construe the instant motion as a Rule 60(b) motion.  Although the appeal deprives this Court of jurisdiction to grant Plaintiff's Rule 60(b) motion, Rule 62.1 grants this Court jurisdiction to defer considering Plaintiff's Rule 60(b) motion, deny Plaintiff's Rule 60(b) motion on its merits, or issue an indicative ruling stating that the Court would grant Plaintiff's Rule 60(b) motion if the Ninth Circuit Court of Appeals remands for that purpose or that Plaintiff's Rule 60(b)

motion raises a substantial issue. United States v. Cox, 757 F. App'x 527, 530 (9th Cir. 2018).

**B.     The Merits of Plaintiff's Rule 60(b) Motion**

In his Rule 60(b) motion, Plaintiff asks the Court to grant him relief from the judgment rendered against him pursuant to Rule 60(b)(2) or Rule 60(b)(3).

1.     Rule 60(b)(2)

Under Rule 60(b)(2), a party may obtain relief from judgment where there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)[.]" Fed. R. Civ. P. 60(b)(2). "Relief from judgment on the basis of newly discovered evidence is warranted if (1) the moving party can show the evidence relied on in fact constitutes 'newly discovered evidence' within the meaning of Rule 60(b); (2) the moving party exercised due diligence to discover this evidence; and (3) the newly discovered evidence must be of 'such magnitude that production of it earlier would have been likely to change the disposition of the case.'" Feature Realty, Inc. v. City of Spokane, 331 F.3d 1082, 1093 (9th Cir. 2003) (citation omitted).

Here, Plaintiff asserts that he requested the evidence that he now submits as Exhibits C and D, (also called Exhibits B and C in the same motion), but Defendants did not respond to his discovery request. Instead, Exhibits C and D were discovered after Plaintiff spoke with his correctional counselor and the counselor "did some digging" and "found said exhibits." (ECF No. 83, at 2.)

However, first, while Plaintiff asserts that he obtained Exhibits C and D from his correctional counselor, Plaintiff fails to state when Exhibits C and D were discovered by his counselor and provided to him. Therefore, since Plaintiff has not established that Exhibits C and D could not have been discovered, in the exercise of reasonable diligence, in time to move for a new trial under Rule 59(b), Plaintiff has not shown that Exhibits C and D constitutes newly discovered evidence within the meaning of Rule 60(b)(2). Second, Plaintiff has failed to adequately explain why, with reasonable diligence, he could not have obtained Exhibits C and D from his correctional counselor any sooner than he did. Third, while Plaintiff states that Exhibits C and D are newly discovered evidence that proves that he attempted to appeal the cancellation of his inmate

3

grievance regarding a use of force incident on March 21, 2016 at California State Prison, Corcoran, Plaintiff has failed to attach any exhibits to either his June 7, 2019 Rule 60(b) motion or his July 8, 2019 "Question for Review" document. Further, if Plaintiff is referring to Exhibits C and D attached to any other document that he has submitted to the Court, Plaintiff has failed to clearly inform the Court where Exhibits C and D can be located. Hence, Plaintiff has not demonstrated that his newly discovered evidence is of "such magnitude that production of it earlier would have been likely to change the disposition of the case." Feature Realty, Inc., 331 F.3d at 1093. Consequently, Plaintiff's motion for relief from judgment pursuant to Rule 60(b)(2) is denied.

2. Rule 60(b)(3)

Under Rule 60(b)(3), a party may obtain relief from judgment where there is "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]" Fed. R. Civ. P. 60(b)(3). To prevail on a Rule 60(b)(3) motion, "the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense. Federal Rule of Civil Procedure 60(b)(3) requires that fraud … not be discover-able by due diligence before or during the proceedings." Casey v. Albertson's Inc., 362 F.3d 1254, 1261 (9th Cir. 2004).

Here, Plaintiff alleges that the declaration of M. Voong, Chief of the Office of Appeals, submitted as a part of Defendants' motion for summary judgment, contains misrepresentations and that Defendants failed to provide him with Exhibits C and D in response to his discovery requests because Defendants knew that he would have a hard time challenging their summary judgment motion without Exhibits C and D. Specifically, Plaintiff asserts that Voong's declaration states that "no other 602 (appeal) was submitted to them but Exhibits C and D [are] irrefutable evidence that two appeals were sent regarding the misuse of force appeal to them and given a log number with stamps that state "Received by OOA" (Office of Appeals (3rd level))." (ECF No. 83, at 2.)

However, there are two issues with Plaintiff's argument. First, as noted above, Plaintiff has failed to provide the Court with Exhibits C and D and, hence, Plaintiff has not presented clear and convincing evidence that Voong's declaration contains any misrepresentations or other fraud.

4

Second, Plaintiff has failed to present clear and convincing evidence that Defendant's fraudulent conduct prevented him from fully and fairly presenting his opposition to the summary judgment. The fact that Defendants submitted Voong's declaration did not prevent Plaintiff from presenting his opposition to Defendants' motion for summary judgment. Further, Plaintiff does not assert that Defendants falsely denied possessing Exhibits C and D in response to Plaintiff's discovery requests. Instead, Plaintiff states that Defendants simply did not respond to Plaintiff's discovery requests. Defendant's failure to respond to Plaintiff's discovery requests does not constitute fraud. See Casey, 362 F.3d at 1260-61. Therefore, Plaintiff's motion for relief from judgment pursuant to Rule 60(b)(3) is denied.

## III. Conclusion

Accordingly, pursuant to Federal Rule of Civil Procedure 62.1(a)(2), Plaintiff's motion for relief from judgment pursuant to Rule 60(b), (ECF No. 85), is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **July 12, 2019**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE